IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES ALLEN, individually and on behalf of all others similarly situated who consent to their inclusion in a collective action,<br><br>Plaintiff,<br><br>vs.<br><br>Robert Hamill and John Molinari d/b/a BJ Roosters,<br><br>Defendants. | Civil Action No. 1:13-CV-3768-RWS |

# COMPLAINT

Comes Now, Plaintiff, Brandon Allen individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action, by and through his attorneys, again Robert Hamill, and John Molinari d/b/a BJ Roosters(the "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.

Minimum wage and overtime laws mark the boundary between a humane society and its Industrial Era precursor of child labor, company scrip and eighteen hour work days. In recognition of this distinction, the United States Congress has

enacted and enforced wage and hour laws. This collective action arises from an ongoing wrongful scheme to turn back the clock by denying its employees any wage at all. Defendant's scheme is so far removed from the modern era that it involves requiring its employees to work without any wage at all. Indeed, it involves the Defendants requiring their employees to pay for the privilege of working, a practice unheard of in modern times.

2.

Plaintiff Brandon Allen on behalf of himself, and all other employees similarly situated, hereby alleges that Defendants have maintained a pattern and practice of not paying employees wages, not paying for overtime wages, failing to provide proper time for required lunch and rest breaks and otherwise failing to provide statutorily mandated wages and compensation. These violations were, and are, so egregious that Defendants go so far as to require each and every similarly situated employee to pay out of pocket costs for the "privilege" of working. These employees include, but are not limited to each and every employee categorized as a "dancer" at bar and club owned and operated by Defendants.

3.

This is brought as a collective action under the Fair Labor Standards Act ("FLSA") 29. U.S.C. §§ 201, 207, and 216(b) to recover unpaid wages, unpaid

2

overtime wages and other wages for which Plaintiffs were not paid in violation of the laws of the United States.

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction under 28 U.S.C. §1331, as this civil action is brought pursuant to 42 U.S.C. §201, et al., commonly known as the FLSA. Plaintiffs do not assert any cause of action that is subject to any collective bargaining agreement.

5.

This court has personal jurisdiction over the parties to this action as a result of Defendants' wrongful acts in the City of Atlanta, in the Northern District of Georgia.

6.

Upon information and belief, venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S. C. §1391(b) because, inter alia, all Defendants reside within the State of Georgia and/or a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

7.

The Plaintiff, Brandon Allen is an individual residing in Atlanta, Georgia. Allen is a former employee of Defendants. Allen worked as a dancer for Defendants from approximately December 2012 until August of 2013. Defendants never paid him any wage of any kind. In fact, Plaintiff, and all others similarly situated, were required to pay to work for Defendants. Plaintiff Allen has given his consent to participate in the lawsuit in writing.

8.

Robert Hamill and John Molinari (collectively "Defendants") have acted in a conspiracy to carry out this illegal enterprise since at least 2009. Defendants can be served at their primary place of business located at 2043 Cheshire Bridge Road NE, Atlanta, GA 30324, or wherever else they may be found.

## FACTUAL ALLEGATIONS

9.

Defendants operate a successful and long-lived bar and club catering primarily to a homosexual male clientele and featuring male "go-go" dancers performing throughout the establishment. The business of Defendants is to provide provide alcoholic beverages and various types of entertainment to customers while

scantily-clad dancers perform in the club. Defendants have at all times done business in the State of Georgia.

10.

The minimum wage, overtime wage and tip credit policies have applied and been controlling on Defendants at all times. Specifically, Defendants are an enterprise engaging in commerce and have revenues and do business transactions in excess of $500,000 a year. Furthermore, Plaintiffs' "dancer" jobs are not positions involving work that would fall under the exemptions provided to 29 U.S.C. § 213(a)(1) of the FLSA.

11.

Defendants have at all times relevant classified the dancers employed in the club as independent contractors. This false classification has been occurring for at least the past three years (the "Collective Period"). Even though the dancers have been classified as independent contractors, Defendants have exercised at least the following controls over all dancers:

(1) Defendants have set the schedule, including the days and hours that all dancers at BJ Roosters are required to work, which typically involve a required number of night shifts and day shifts;

(2) Defendants had the authority to approve and ban the names that the Dancers can work under at BJ Roosters;

(3) Defendants retain sole control of the ability to approve what underwear or other minimal clothing the dancers can wear at BJ Roosters;

(4) Defendants maintain strict control over which Dancers can perform on the bar, floor, VIP rooms, and other areas of the club at all times;

(5) Defendants have sole control over which Dancers can entertain guests in the V.I.P. rooms, including which rooms the Dancer can utilize, how long they can occupy them; and the base rates dancers receive from customers for use of V.I.P. rooms.

12.

In addition to the above listed controls, Defendants require the following fees to be paid by Plaintiff and all similarly situated employees:

(1) At the beginning of every shift they work, all dancers are required to pay at least $30.00—or 10% of whatever tips they receive, whichever is greater—to the bartender(s) and DJ, who have managerial authority over the dancers. Prior to March 2013, when Defendants relocated their business to a larger space, this fee was at least $25.00 per shift.

(2) For every shift they work, all dancers are required to pay a $30.00 "late fee" if they arrive after the time set by Defendants for dancers to

arrive. This fee is divided among the club's DJ and bartender(s), who act in a managerial and supervisory capacity;

(3) For every shift they work, all dancers are required to pay a $30.00 fee if they leave the premises prior to the end of their shift, as scheduled by Defendants;

(4) For every shift missed, all dancers are required to pay an additional $30.00 fee prior to working any other shift;

(5) Additionally, violations of various club policies that were capriciously and arbitrarily enforced, could result in a separate fee of $50.00 to $75.00 per occurrence, depending on the violation and which managerial employee was levying the fine.

13.

In addition to the illegal fees described above, Defendants have recklessly and maliciously failed to pay Plaintiff and other similarly situated employees any wages at all, including minimum wage or overtime wages as required by 29 U.S.C. § 201 et seq.

## COUNT I
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF 29 U.S.C. §206

14.

Plaintiff hereby incorporates Paragraphs 1–13 of this Complaint as if fully restated herein.

15.

At all times relevant herein, Plaintiff and all similarly situated employees performed work for which the minimum wage should have been paid by Defendants, but have been paid no wages of any kind by Defendants in violation of the FLSA provisions requiring the payment of minimum wage.

16.

At all relevant times, Defendants were and are legally responsible for all of the wrongful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and all similarly situated employees.

17.

At all relevant time, the unlawful conduct against Plaintiff and all similarly situated employees, as described in each and all of the foregoing paragraphs was actuated, in whole, in such a way as to bring benefit to Defendants at the expense of their employees. The unlawful conduct described in each and all of the foregoing paragraphs was at all relevant times reasonably foreseeable by Defendants and committed under the actual or apparent authority of Defendants Robert Hamill and John Molinari.

18.

These actions were compounded by Defendants' failure to provide notice to their employee–dancers that they intended to utilize the tip-credit provisions of the FLSA and Defendants' requirement that the dancers surrender large portions of their tips to Defendants for the personal enrichment of Defendants.

19.

Upon information and belief, since at least three years before the time of this filing, the practices and policies that are complained of herein have been enforced against more than 300 dancers employed by Defendants. Each and every one of these employees has been denied proper minimum wage compensation in violation of 29 U.S.C. § 206. There has been no good faith attempt on the part of Defendants to comply with the provisions of the FLSA. Therefore, these violations constitute a willful violation of the minimum wage provisions in violation of the FLSA as provided for in 29 U.S.C. §255.

20.

Plaintiff has consented in writing to be part of this action pursuant to 29 U.S.C. § 216(b). Upon issuance of proper notice by this Court, there is a substantial likelihood that other similarly situated employees will join this action as Plaintiffs.

21.

Defendants' wrongful and illegal conduct has deprived Plaintiff, and all similarly situated employees, of the minimum wage to which they are statutorily entitled in an amount to be determined. Additionally, Plaintiff, and all similarly situated employee–dancers are entitled to their attorney's fees, expenses and costs incurred in bringing this action as provided by 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE OVERTIME WAGE PROVISIONS OF 29 U.S.C. §207

22.

Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1–21, as if specifically set forth herein.

23.

Pursuant to 29 U.S.C. § 207, Plaintiff, and all similarly situated employees, are entitled to be compensated at one and one half times their regular wage for each and every hour worked over forty hours in any given workweek.

24.

The overtime provisions of the FLSA apply to Plaintiff and all similarly situated employees.

25.

Defendants have committed *prima facia* violations of 29 U.S.C. §207 by failing to pay Plaintiff, and any and all similarly situated employees any wage whatsoever.

26.

Defendants' violations of these provisions are intentional. No good faith attempt to comply with the FLSA has been made. Defendants have paid no wages to Plaintiff or any and all similarly situated employees, much less appropriate overtime wages. Defendants are liable to Plaintiff, and any and all similarly situated employees, for their respective unpaid wages, liquidated damages, attorney's fees and costs, interest, and other such relief as provided in 29 U.S.C. § 216(b).

## COUNT III
## COLLECTIVE ACTION ALLEGATIONS
## PURSUANT TO 29 U.S.C. §216(B)

27.

Plaintiff hereby incorporates Paragraphs 1–26 of this Complaint as if fully restated herein.

28.

Defendants have intentionally and repeatedly violated 29 U.S.C. §§ 206 and 207 by failing to pay required minimum and overtime wages to Plaintiff, and any

and all similarly situated employees. Defendants have engaged in these behaviors for their own benefit and in an attempt to deprive Plaintiff, and any and all similarly situated employees, of their lawful wages.

29.

Defendants are liable pursuant to 29. U.S.C. §201 et seq., to Plaintiff, and all similarly situated employees for unpaid minimum and overtimes wages, interest, attorney's fees and costs and other such equitable and legal relief that this Court finds proper.

30.

There are numerous similarly-situated current and former employee–dancers who have been misclassified and worked without being paid minimum or overtime wages in violation of 29 U.S.C. § 201, et seq. The dancers would benefit from the issuance of a Court supervised Notice of Present Lawsuit and opportunity to join pursuant to 29 U.S.C. § 216(b). These similarly situated employees are known to Defendants, are readily identifiable and can be located through the records of Defendants and various local governmental entities.

WHEREFORE, Plaintiff prays that this Court:

(a)  Enjoin Defendants from continuing to violate 29 U.S.C. § 201, et seq., and from withholding payment of minimum and overtime wages from

Plaintiff, and any and all similarly situated employees, pursuant to this Court's authority provided for in 29 U.S.C. § 217;

(b) Find that Defendants have willfully violated 29 U.S.C. §§ 206-207 by failing to pay Plaintiff, and any and all similarly situated employees minimum and overtime wages;

(c) Issue a judgment against Defendants for all unpaid wages, illegal kickback payments, interest, attorney's fees and costs and all other allowed forms of relief as provided by 29 U.S.C. § 216(b);

(d) Issue a judgment for liquidated damages in an amount equal to the above mentioned judgment as provided in 29 U.S.C. § 216(b);

(e) Issue a Notice of the Present Action to all persons who are presently, or have been at any time during the three years immediately preceding this suit, up through an including the date of this Court's issuance of Court-Supervised Notice, employed by the Defendants as dancers as described above;

(f) That each such person shall be informed of this civil action, the nature of the action, and of their right to join this lawsuit if they have worked for Defendants and have not been paid minimum or overtime wages and have been forced to pay illegal kickbacks to Defendants. Additionally, the Notice shall inform all current and past employees

      that Defendants are not allowed to retaliate against them for participating in this action; and

(g)    For such other and further relief as is just and equitable.

Plaintiff hereby demands a TRIAL BY JURY.

Respectfully submitted this 13th day of November 2013.

          /s/ W. Anthony Collins, Jr.
W. Anthony Collins, Jr.
Georgia Bar No. 141712
Smith Collins, LLC
8565 Dunwoody Place
Building 15, Suite B
Atlanta, GA 30350
(770) 378-1408
wicollin@hotmail.com

/s/ James R. Fletcher II
James R. Fletcher II
Georgia Bar No. 232541
Merritt & Fletcher, LLC
1265 West Spring St., Ste. A
Smyrna, GA 30080
(678) 607-6053
jim@MerrittFletcher.com