# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHARLES ALLEN, individually and on behalf of all others similarly situated who consent to their inclusion in a collective action,<br><br>    Plaintiff,<br><br>    vs.<br><br>JOBO'S, INC., d/b/a BJ Roosters, a corporation, and ROBERT HAMILL and JOHN MOLINARI, individuals,<br><br>    Defendants. | Civil Action No. 1:13-CV-3768-RWS |

## PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION

Comes now Charles Allen ("Plaintiff"), by and through counsel, and pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., hereby moves this Court to grant conditional class certification in this case. Plaintiff also requests that this Court send judicial to putative class members in this action, informing them of their right to join this collective action. Finally, Plaintiff requests that this Court order Defendants to produce an electronic list of all individuals who have worked for Defendants as dancers within the Collective Period. In support of the motion, Plaintiff shows the Court as follows:

## I.   INTRODUCTION

Plaintiff Charles Allen was formally employed as one of many go-go dancers ("dancers") at Defendants' nightclub BJ Roosters. During the three years prior to the filing of this action, Plaintiff alleges Defendants willfully misclassified Plaintiff and all other dancers at BJ Roosters as 'independent contractors.' Plaintiff also alleges Defendant unlawfully failed to pay Plaintiff, and all other dancers, minimum wage, overtime wages, or any wage at all. Additionally, Defendants required Plaintiff and all other dancers to pay improper fees, fines and penalties. Finally, Defendants engaged in prohibited tip-pooling policies that benefited Defendants, club managers and supervisors.

Certification is proper in this case because all dancers who worked at BJ Roosters during the Collective Period (i.e., three years prior to the filing of this action) are similarly situated, and allowing the dancers to engage in a collective action will avoid a multiplicity of suits. BJ Roosters has a single location, the proposed collective members had the same job function of "dancer," all were denied minimum wage and overtime wages, and all were subjected to the same unlawful scheme of fees, fines, penalties, tip-pooling and kickbacks.

In order to provide notice to potential collective members, Plaintiff moves this Court for:

1. an order conditionally collectively certifying of a class consisting of all dancers who have worked at BJ Roosters in the three years prior to the filing of this action;

2. an order that all class members be given notice and an opportunity to opt-in to the collective action;

3. an order requiring Defendants to produce information for all proposed class members to include names, job function(s), all available contact information, identifying information, and dates of employment; and

4. an order permitting Plaintiff to engage in limited discovery for the purpose of identifying and notifying all class members.

## II.   SUMMARY OF RELEVANT FACTS

From at least the three years prior to the filing of this action and continuing to the present day (the "Collective Period"), Defendants Jobo's, Hamill, and Molinari have owned and operated BJ Roosters, a bar and nightclub located at 2043 Cheshire Bridge Rd NE, Atlanta, Georgia 30324; Hamill is CEO and Secretary, Molinari is CFO.[1]

During the Collective Period, BJ Roosters has employed **many hundreds** of young men as go-go dancers who dance throughout the club.[2] Depending on the

---

[1] *See* Exhibit A (Affidavit of Richard Martin) at ¶¶ 2–3.
[2] *See* Exhibit A at ¶ 5, 8.

day of the week, and whether the day shift or night shift, between 2–20 dancers may perform in the club at any given time, with 7–20 dancers on each night shift.[3]

**All dancers** employed at BJ Roosters have been treated similarly throughout the Collective Period. As attested to under oath by a former bartender and manager at BJ Roosters:

- All dancers performed the same job function, i.e., dancing throughout the club in underwear and entertaining customers in V.I.P. rooms;[4]
- No dancers have received wages of any kind;[5]
- All dancers have been forced to pay $25 or $30 to the club per shift worked;[6]
- All dancers have had their schedules set by club owners or management;[7]
- All dancers have been subject to fees and other penalties for arriving late, leaving early, missing a shift, or violating various club policies;[8]
- All fees paid by dancers were collected and distributed amongst the club's owners, managers;[9]

---

[3] *See* Exhibit A at ¶ 7.
[4] *See* Exhibit A at ¶ 5.
[5] *See* Exhibit A at ¶ 9.
[6] *See* Exhibit A at ¶ 10.
[7] *See* Exhibit A at ¶ 6.
[8] *See* Exhibit A at ¶ 11.
[9] *See* Exhibit A at ¶ 10.

- All dancers were required to charge customers a set base rate for entertainment in the club's V.I.P. rooms;[10]

- All dancers have been subject to rules governing their attire and could be asked to change if club owners or management disapproved of the underwear they performed in.[11]

That all dancers were uniformly subjected to the above-listed conditions of employment is further evidenced by the attached **affidavits of six former BJ Roosters dancers.**[12] **A total of twelve dancers have already given written consent to join this lawsuit.**[13]

### III.   ARGUMENT AND CITATION OF AUTHORITY

A.   **CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE ARE PROPER IN THIS CASE**

  1.   **Collective Actions Under the FLSA**

29 U.S.C. § 216(b) provides that an action for violations of the Fair Labor Standards Act may be maintained against an employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Collective actions under the FLSA promote efficient adjudication of similar claims and allow plaintiffs with relatively small claims to

---

[10] *See* Exhibit A at ¶ 12.
[11] *See* Exhibit A at ¶ 13.
[12] *See* Exhibits B–G (respectively, the Affidavits of Jacob M. Aberle, Albert E. Barnes, III, Joshua Kroswek, Thomas L. Ray, Cody Shuler, and Christopher Zak).
[13] *See* Doc-9 (Notice of Consent Filing) and Doc-11 (Notice of Consent Filing).

prosecute their claims where they would be unlikely to do so individually.[14] Furthermore, upon conditional certification, a court-authorized notice to putative class members permits similarly situated individuals to opt into a case and thereby avoid a "multiplicity of duplicative suits."[15]

### 2. Standard for Conditional Certification and Judicial Notice

This Circuit employs a two-tiered approach in determining whether to certify a collective action under 29 U.S.C. § 216(b). In the first "notice stage," the district court determines whether it will "conditionally certify" a putative class and afford notice and an opportunity to "opt-in" to potential class members. To make this determination, the Court employs a "fairly lenient standard" which is "based only on the pleadings and affidavits which have been submitted."[16] "During the notice stage, the court should determine: (1) whether there are other employees who wish to opt-in to the action; and (2) whether those employees are 'similarly situated' with respect to their job requirements and pay provisions."[17] "However, 'a court adjudicating a motion to authorize a collective action need not evaluate the merits of plaintiffs' claims . . . ."[18] It is only later, after limited discovery and upon

---

[14] *See* Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989).
[15] Id. at 172.
[16] Scott v. Heartland Home Fin., Inc., CIV.A. 1:05-CV-2812-, 2006 WL 1209813 (N.D. Ga. May 3, 2006).
[17] Id.
[18] Id. (quoting Kreher v. City of Atlanta, Ga., 2006 U.S. Dist. LEXIS 23094, No. 1:04-CV-2651-WSD, 2006 WL 739572, at *4 (N.D. Ga. Mar. 20, 2006).

6

a motion to decertify, that a court engages in more stringent fact-finding as to whether putative members of a collective are in fact similarly situated.[19]

"Plaintiffs have the burden of demonstrating a reasonable basis for crediting the assertion that aggrieved individuals exist in the class they propose."[20] The burden to satisfy this reasonable basis test "is not heavy and may be met by detailed allegations supported by affidavits."[21] "[T]here is no precise formula to determine whether sufficient interest exists,"[22] but court decisions show that as few as three consents to join by potential class members may be sufficient.[23]

To demonstrate that the proposed class members are similarly situated, "plaintiffs need show only 'that their positions are similar, not identical,' to the positions held by the putative class members."[24] The Court generally does not

---

[19] Davis v. Precise Communication Services, Inc., No. 1:07-CV-3128-JOF, 2009 WL 812276, at * 2 (N.D. Ga. Mar. 27, 2009) (citing Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996)).
[20] Barron v. Henry Cnty. Sch. Sys., 242 F. Supp. 2d 1096, 1101 (M.D. Ala. 2003).
[21] Id. at 1102; cf. Reyes v. AT & T Corp., 801 F. Supp. 2d 1350, 1355 (S.D. Fla. 2011) ("A plaintiff 'may meet this burden, which is not heavy,' by making 'detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary.' ").
[22] Kerce v. W. Telemarketing Corp., 575 F. Supp. 2d 1354, 1365 (S.D. Ga. 2008).
[23] See Reyes, 801 F. Supp. 2d at 1356; cf. Tyler v. Payless Shoe Source, Inc., No. 22:05–CV–33F(WO), 2005 WL 3133763, at *3 (M.D. Ala. Nov. 23, 2005) (three consents to join held sufficient); Bell v. Mynt Entm't, LLC, 223 F.R.D. 680, 683 (S.D.Fla.2004) (seven affidavits held sufficient); Harper v. Lovett's Buffet, Inc., 185 F.R.D. 358, 362-63 (M.D.Ala.1999) (fifteen affidavits held sufficient); Vondriska v. Premier Mortgage Funding, Inc., 564 F. Supp. 2d 1330, 1334 (M.D. Fla. 2007) (nineteen declarations held sufficient).
[24] Grayson, 79 F.3d at 1096.

resolve factual disputes among the parties or make credibility determinations at this stage, and it is sufficient to show similar job requirements and pay provisions.[25]

Unlike for class certification under Fed. R. Civ. P. 23, a court does require a showing of numerosity, typicality, commonality, or represenativeness when determining whether to conditionally certify a collective under the FLSA.[26] Thus, the standard for conditional certification of a collective under the FLSA is much lower than under Rule 23.[27]

### 3. Plaintiff Clearly Satisfies the Standard Required for Conditional Certification

Although this case is still at a very early stage of litigation—when one of the three Defendants has not yet answered and where no discovery has been undertaken—Plaintiff is clearly able to satisfy the low standard required for conditional certification. In fact, Plaintiff has gone far beyond the required showing of establishing that a class exists. In Plaintiff's Complaint, and in the affidavits of bartender Richard Martin and seven putative class members, it has been clearly established that Defendants had a policy in place of treating all

---

[25] *See* Reyes, 801 F. Supp. 2d at 1357.
[26] Grayson, 79 F.3d n. 12 ("[I]t is clear that the requirements for pursuing a § 216(b) class action are independent of, and unrelated to, the requirements for class action under Rule 23.").
[27] Id.

employee–dancers as independent contractors, and universally denying them wages of any kind.

All dancers performed the same job duties (i.e., dancing in underwear throughout the club and entertaining customers in V.I.P. rooms), and did so under the direct control of club owners Hamill and Molinari, as well as club management. The club controlled dancers' schedules, attire, and the rates they charged V.I.P. customers. Dancers' noncompliance with the schedules and rules set by the club would result in various fees and other forms of punishment. Ten dancers have already opted in to this lawsuit, and bartender Richard Martin is aware of numerous other dancers who would join this action if a collective is certified.[28]

### 4.     Judicial Notice is Appropriate in this Case

Collective actions allow plaintiffs the benefit of lower individual costs to vindicate their rights and benefit the judicial system "by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged activity. . . . These benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can

---

[28] *See* Tucker v. Labor Leasing, Inc., 872 F. Supp. 941, 947-948 (M.D. Fla. 1994) (finding there to be similarly situated employees who wished to opt-in where two individuals consented to join the lawsuit after it had been filed).

make informed decisions about whether to participate."[29] The decision whether a case is "appropriate" for court-approved notice to potential FLSA plaintiffs lies in the discretion of the district court.[30] This case is entirely appropriate for such notice.

First, judicial notice is proper here because the statute of limitations continues to run on class members' claims, until such time as they file a consent form with the Court.[31]

Court-facilitated notice will prevent such erosion of claims while the parties work to resolve this litigation. *See* id. Further, judicial notice providing all dancers the opportunity to pursue their claims in one forum will create the significant judicial economies recognized in Hoffmann-La Roche. Indeed, because essentially identical issues of law and fact exist amongst all of Defendants' dancers, consolidating these claims into one action benefits this Court by resolving this case collectively. *See* Hoffmann-LaRoche, 493 U.S. at 170. Without timely notice of this action, many dancers who did not work long at BJ Roosters or who worked there in 2011 will soon find their claims extinguished.

Futhermore, court-facilitated notice and an Order requiring Defendants to provide contact information for all putative class members is proper here because

---

[29] Hoffmann-La Roche, 493 U.S. at 170.
[30] Id.
[31] Grayson, 79 F.3d at 1106 n. 38.

there is no efficient or effective means to alert literally *hundreds* of former BJ Roosters dancers of this action without this Court's intervention.

Finally, as in all cases brought against an employer, there exists a significant risk that current BJ Roosters employees or former employees currently employed as dancers in other clubs may fear retaliation should they choose to join in this action. Court-facilitated notice will provide these employees and former employees as to the protections of the FLSA against employer retaliation. BJ Roosters dancers and former dancers would be unlikely to receive such information short of a court-facilitated notice, and ignorance of the FLSA's protections against retaliation would likely discourage many putative class members from joining in this action and vindicating their rights.

The Proposed Judicial Notice attached to this Motion as <u>Exhibit H</u> is "timely, accurate, and informative."[32] It is carefully drafted to achieve the ultimate goal of providing employees accurate and timely notice concerning the pendency of the collective action, and should be adopted by this Court

Because Plaintiff has produced ample evidence that a class exists, and because the potential class consists of at least several hundred individuals, this Court should grant this motion to conditionally certify a collective in this case. Further, this Court should:

---

[32] *See* <u>Hoffmann-La Roche</u>, 493 U.S. at 172.

1. Order that notice of this collective action be sent to all putative class members, and;

2. Require Defendants to produce the employee contact information necessary to facilitate such notice.

These actions are necessary to adequately inform potential class members of their rights pursuant to the FLSA and to ensure that this matter is prosecuted in the most efficient manner possible.

**B. PRODUCTION OF A LIST OF DANCERS IS NECESSARY TO FACILITATE NOTICE**

Plaintiff Allen's Proposed Judicial Notice is attached as <u>Exhibit H</u>. Plaintiff respectfully requests that the Court approve this notice and order Defendants to provide contact information for all potential plaintiffs. A proposed order is attached as <u>Exhibit I</u>. Specifically, Plaintiff requests that Defendants provide an updated computer-readable data file containing the names, job title, last known mailing addresses, telephone numbers, dates of employment, location of employment, and the last four digits of the Social Security numbers of all current and former entertainers who have worked at BJ Roosters during the past three years. For the reasons described above and detailed herein, the Court should grant Plaintiff's Motion.

## III. CONCLUSION

WHEREFORE Plaintiff prays that this Court:

1. Conditionally grant a collective certification of a class consisting of all dancers who have worked at BJ Roosters in the three years prior to the filing of this action;

2. Issue an Order that all class members be given notice and an opportunity to opt-in to the collective action;

3. Issue an order that Defendants be required to produce information for all proposed class members to include names, job function(s), all available contact information, identifying information, and dates of employment; and

4. Issue an order permitting Plaintiff to engage in limited discovery for the purpose of identifying and notifying all class members.

Respectfully submitted this 19th day of January 2014.

 

 

SMITH COLLINS, LLC
8565 Dunwoody Place
Building 15, Suite B
Atlanta, GA 30350
(770) 378-1408
wicollin@hotmail.com

*/s/ W. Anthony Collins, Jr.*
W. Anthony Collins, Jr.
Georgia Bar No. 141712

|  |  |
|---|---|
| | */s/ James R. Fletcher II* |
| MERRITT & FLETCHER, LLC | James R. Fletcher II |
| 1265 West Spring St., Ste. A | Georgia Bar No. 232541 |
| Smyrna, GA 30080 | |
| (678) 607-6053 | |
| jim@MerrittFletcher.com | |
| | *Attorneys for Plaintiff* |

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CHARLES ALLEN, individually and on behalf of all others similarly situated who consent to their inclusion in a collective action,<br><br>Plaintiff,<br><br>vs.<br><br>JOBO'S, INC., d/b/a BJ Roosters, a corporation, and ROBERT HAMILL and JOHN MOLINARI, individuals,<br><br>Defendants. | Civil Action No. 1:13-CV-3768-RWS |

### L.R. 7.1 CERTIFICATION & CERTIFICATE OF SERVICE

I hereby certify that this document has been prepared with one of the font and point selections approved by the court in LR 5.1 or, if type written, that the brief does not contain more than 10 characters per inch of type. This document was prepared in Times New Roman 14 point font.

I hereby certify that on the date signed below, I electronically filed

**Plaintiff's Motion for Conditional Class Certification**

with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

15

        James Larry Stine
        Wimberly, Lawson, Steckel, Schneider & Stine, P.C.
        Lenox Towers, Suite 400
        3400 Peachtree Road, NE
        Atlanta, GA 30326-1107
        404-365-0900
        jls@wimlaw.com

Respectfully submitted this 19th day of January 2014.

| | |
|---|---|
| | */s/ W. Anthony Collins, Jr.* |
| SMITH COLLINS, LLC | W. Anthony Collins, Jr. |
| 8565 Dunwoody Place | Georgia Bar No. 141712 |
| Building 15, Suite B | |
| Atlanta, GA 30350 | |
| (770) 378-1408 | |
| wicollin@hotmail.com | |
| | |
| | */s/ James R. Fletcher II* |
| MERRITT & FLETCHER, LLC | James R. Fletcher II |
| 1265 West Spring St., Ste. A | Georgia Bar No. 232541 |
| Smyrna, GA 30080 | |
| (678) 607-6053 | |
| jim@MerrittFletcher.com | |
| | |
| | *Attorneys for Plaintiff* |