IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES ALLEN, individually and on behalf of all others similarly situated who consent to their inclusion in a collective action,<br><br>   *Plaintiff*,<br><br>  v.<br><br>ROBERT HAMILL, JOHN MOLINARI, and JOBO'S INC., d/b/a BJ Roosters,<br><br>   *Defendants*. | CIVIL ACTION FILE<br><br>NO.: 1:13-CV-3768-RWS |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION PURSUANT TO FED.R.CIV.P. 56(f) NOW 56(d)

Plaintiffs have moved, pursuant to Fed.R.Civ.P. 56(f), now 56(d), for an extension of time to file a response in opposition to Defendants' Motion for Summary Judgment or in the alternative to supplement the response in opposition to summary judgment. (Doc. 92). Plaintiffs allege that additional discovery is required because, they say, "[u]ntil November 25, Defendants never provided discovery that explicitly named Shane Smith as Plaintiffs' employer ." (Doc. 92 at 2). This is, at best, misleading, and is flatly contradicted by the record in this case. Plaintiffs' Motion should be denied.

Fed. R. Civ. P. 56(d) – not 56(f) – allows the court to grant time to seek additional discovery when a nonmovant shows by declaration or affidavit that, for specified reasons, it cannot present facts essential to justify its opposition. The party seeking a continuance "must specifically demonstrate how postponement of a ruling on the [summary judgment] motion will enable them, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir.1990). Plaintiffs cannot pass this test because their failure to secure evidence from Shane Smith is due to either their lack of diligence, since they have known about him almost since this case's inception; or Mr. Smith's own reluctance to participate, which no extension of time will overcome, or both.

First, it is not incumbent on Defendants to explicitly identify who employed Plaintiffs. Plaintiffs sued Defendants, alleging that Defendants were their employers, which Defendants denied in their Answer to the Complaint and to the First Amended Complaint. (Doc. 10, ¶7; Doc. 17, ¶7.) It is Plaintiffs' burden to show that one or more of the Defendants were their employers; and not Defendants, who deny that an employment relationship existed between them, to identify another party who may or may not have been Plaintiffs' employer. *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947); *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir.1997). Plaintiffs cannot shift the burden of proof in this case to Defendants.

2

Second, Defendants have hardly concealed the DJs generally, or Mr. Smith specifically, or Defendants' position that the DJs, and not they, employed Plaintiffs. In their initial disclosures, dated February 13, 2014, Defendants stated that the dancers worked for the DJs who provided entertainment at their club.  (See Ex. A – Defendants' Initial Disclosures, ¶3: "Defendants deny that they were at any time the employers of Plaintiff(s).)  Defendants submit that Plaintiffs were independent contractors, and/or independent contractors of DJs who were independent contractors to Defendants.").  In response to Plaintiffs' First Discovery Requests, dated April 28, 2014, in Response No. 1, Defendants identified Shane Smith the independent contractor who provides entertainment and in Response No. 8, stated that the Plaintiffs "were employed by the DJ."  (See Ex. B – Defendants' Responses to Plaintiffs' First Discovery Requests.)  Not only did Defendants provide answers to interrogatories concerning Mr. Smith, but Plaintiffs mentioned Mr. Smith by name in their questions and noted that the DJ was plaintiffs' employer.  (Id.).

Third, in their depositions, Defendants Hamill and Molinari both mentioned Mr. Smith on numerous occasions.  Mr. Hamill was deposed on May 2, 2014, and mentioned "Shane" or "Shane's" 57 times, and "Smith" or "Smith's" 15 times. Mr. Molinari was deposed on June 23, 2014, and mentioned Shane more than 75 times.

3

In other words, Plaintiffs' objection that they were not aware of Mr. Smith or his role in the nightclub until Defendants filed their Motion for Summary Judgment cannot be reconciled with the record in this case.  There has been ample opportunity for them to seek information from Mr. Smith: moreover, Plaintiffs' admission in their Motion that Mr. Smith apparently has refused to give them an affidavit to support their case strongly suggests that even if Plaintiffs' motion were granted, it would be futile.  Plaintiffs have known about Shane Smith since at least February 2014.  The discovery period originally was due to close June 16, 2014; a supplemental period already was granted, and expired October 17, 2014.  Plaintiffs have had more than adequate time to complete discovery, and more than adequate opportunity to secure the cooperation of Shane Smith.  They have presented no compelling reason for a further extension, as required by Fed.R.Civ.P. 56(d).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be denied.

Respectfully submitted this 5th day of January, 2015.

|  |  |
|---|---|
|  | /s/ *J. Larry Stine* |
|  | J. Larry Stine |
| Wimberly, Lawson, Steckel, | Ga. Bar No.: 682555 |
|   Schneider & Stine, P.C. | Elizabeth K. Dorminey |
| Suite 400, Lenox Towers | Ga. Bar No.: 225935 |
| 3400 Peachtree Road, N.E. |  |
| Atlanta, Georgia  30326 | *Attorneys for Defendants* |
| Phone:     (404) 365-0900 |  |
| Fax:         (404) 261-3707 |  |
| Email:      jls@wimlaw.com |  |
|                   edorminy@bellsouth.net |  |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(C) and 7.1(D), I certify that the foregoing pleading is typewritten using Times New Roman font, fourteen-point type.

DATED this 5th day of January 2015.

/s/ J. Larry Stine
J. Larry Stine
Bar No. 682555
*Counsel for Defendants*

WIMBERLY, LAWSON, STECKEL,
SCHNEIDER & STINE, P.C.
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia 30326
Phone: (404)365-0900
Fax: (404) 261-3707
Email:  jls@wimlaw.com
          edorminy@bellsouth.net

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES ALLEN, individually and on behalf of all others similarly situated who consent to their inclusion in a collective action,<br><br>*Plaintiff*,<br><br>v.<br><br>ROBERT HAMILL, JOHN MOLINARI, and JOBO'S INC., d/b/a BJ Roosters,<br><br>*Defendants*. | CIVIL ACTION FILE<br><br>NO.: 1:13-CV-3768-RWS |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing **Defendants' Opposition to Plaintiffs' Motion for Extension Pursuant to Fed.R.Civ.P. 56(f) Now 56(d)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

James Robert Fletcher, II
Fletcher Law Group

W. Anthony Collins, Jr.
Matthew W. Herrington
Smith Collins, LLC

This 5th day of January, 2015.

|  |  |
|---|---|
|  | /s/ *J. Larry Stine* |
|  | J. Larry Stine |
| WIMBERLY, LAWSON, STECKEL, | Ga. Bar No.: 682555 |
|   SCHNEIDER & STINE, P.C. | Elizabeth K. Dorminey |
| Suite 400, Lenox Towers | Ga. Bar No.: 225935 |
| 3400 Peachtree Road, N.E. |  |
| Atlanta, Georgia  30326 | *Attorneys for Defendants* |
| Phone:    (404) 365-0900 |  |
| Fax:        (404) 261-3707 |  |
| Email:     jls@wimlaw.com |  |
|           edorminy@bellsouth.net |  |