**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHARLES ALLEN, individually and on behalf of all others similarly situated, | : : : : : | |
| Plaintiff, | : : | CIVIL ACTION NOS. 1:13-CV-3768-RWS |
| v. | : : | |
| ROBERT HAMILL, et al., | : : | |
| Defendants. | : | |

## ORDER

This case is before the Court on Defendants' Motion to Strike [Doc. No. 99] and Defendants' Motion for Summary Judgment [Doc. No. 88].

**I.  Defendants' Motion to Strike [Doc. No. 99]**

As an initial matter, Defendants moved to strike certain affidavits and documents that Plaintiffs submitted in their original briefing in opposition to summary judgment [Doc. No. 99]. However, on June 23, 2015, the Court stated that it would not consider Plaintiffs' responsive briefing and ordered the Plaintiffs to file amended briefing [Doc. No. 105]. As such, Defendants' Motion to Strike [Doc. No. 99] is DISMISSED as moot.

## II. Defendants' Motion for Summary Judgment [Doc. No. 88]

### A. Factual Background

Plaintiffs are former "go-go dancers" at BJ Roosters in Atlanta, Georgia. BJ Roosters is owned and operated by Jobo's LLC,[1] which is in turn jointly owned by Defendants John Molinari and Robert Hamill. Until January 2014, Defendants did not pay the "go-go dancers." Plaintiffs contend that they were employees of Defendants. Defendants contend that Plaintiffs were employed by DJ Shane Smith, an independent contractor who worked at the facility and provided entertainment. On November 13, 2013, Plaintiffs filed suit alleging violations of Sections 206 and 207 of the Fair Labor Standards Act.

### B. Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings,

---

[1] The Court notes that Plaintiffs filed suit against Jobo's, Inc. However, it appears that the proper legal entity is Jobo's LLC.

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of

fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

### C. Analysis

There are several genuine issues of material fact in this case that preclude the entry of summary judgment in favor of Defendants. These factual issues include the identity of the employer, the extent of Defendants Hamill and Molinari's operational control of Jobo's, and the willfulness of any alleged violations of the Fair Labor Standards Act.

## III. Conclusion

For the reasons stated above, Defendants' Motion to Strike [Doc. No. 99] is DISMISSED as moot. Defendants' Motion for Summary Judgment [Doc. No. 88] is DENIED. The parties are ORDERED to file a proposed consolidated

4

pretrial order within thirty days.

**SO ORDERED**, this 25th day of September, 2015.

_____
**RICHARD W. STORY**
United States District Judge